DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Herman E. Garner, III, ) | |
| ) | CASE NO. 4:08 CV 1254 |
| Petitioner, ) | (Criminal Case No. 4:01 CR 321) |
| ) | |
| v. ) | <u>MEMORANDUM OPINION</u> |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

I.  Introduction

The petitioner, Herman Garner, III, (hereinafter "Garner"), seeks habeas relief pursuant to the provisions of 28 U.S.C. § 2255.  Rule 4, governing the procedures with respect to § 2255, provides that the judge who receives the petition must examine the petition and if it appears from the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  After reviewing the record, the Court finds that the case must be dismissed.  The Court's analysis follows:

II.  History of the Case

The petitioner was convicted in 2001 of the crime of conspiracy to possess with the intent to distribute cocaine.  The petitioner's conviction was affirmed by the Sixth Circuit Court of Appeals by an opinion entered on January 30, 2004.  *See* docket No. 227.  On April 7, 2004, the mandate issued affirming the judgment of the district court.  See Docket No. 230.

On May 4, 2004, the petitioner filed a writ of certiorari.  See Docket No. 232.  On February 11, 2005, a writ of certiorari was issued by the United States Supreme Court as to the

(4:08 CV 1254)

petitioner and vacated the judgment and remanded the case to the Sixth Circuit Court of Appeals for further consideration in light of *United States v. Booker*. *See* Docket No. 242. On February 24, 2005, the Sixth Circuit remanded the case to this court for re-sentencing. *See* Docket No. 245. In preparation for the re-sentencing and after considering briefs filed by the parties, including the pro se briefs of the petitioner, (*see* Docket No. 248, Docket 251, Docket 252, docket 259, Docket 260, Docket 269), the Court filed, prior to the sentencing, a memorandum opinion consisting of 11 pages which concluded with the following paragraph:

> The Court elects to impose a sentence based on the advisory guideline calculation, subject to the provisions of 18 U.S.C. § 3553(a) rather than the potentially harsher sentence of 120 months. The Court hereby re-schedules re-sentencing for September 8, 2005, at 4:30 p.m.

The Court then sentenced the petitioner to a term of 96 months. *See* Docket No. 273. The petitioner immediately appealed. *See* Docket No. 274. The government responded with its own notice of appeal filed on October 5, 2005. On July 12, 2007, the Sixth Circuit filed an information copy of an opinion vacating the judgment of this court as to the petitioner and remanded the case for the purpose of sentencing the petitioner to a term of imprisonment of at least 120 months. *See* Docket No. 190.

The petitioner now seeks habeas relief from a sentence of 120 months.

### III.  The Petitioner's Position in Support of Habeas Relief

The petitioner claims that he was denied the effective assistance of counsel in connection with the sentence of 120 months.

(4:08 CV 1254)

## IV. The Court's Ruling

The question of whether the defendant received the effective assistance of counsel in connection with his sentence is moot. The reversal of the Court's reduced sentence of 96 months clearly indicates that this Court was required to sentence the petitioner to a term of at least 120 months. The question of the length of his sentence to at least a sentence of 120 months is *res judicata*. The question of whether the defendant was denied the effective assistance of counsel with respect to his sentence is without relevance and is moot.

For the foregoing reason, after applying the dictates of Rule 4, the petitioner's request for habeas relief is denied. The Court's order will reflect a denial of a certificate of appealability.

The clerk is directed to mail a copy of the Memorandum Opinion and the Judgment Entry to the petitioner at the address so indicated in his petition.

IT IS SO ORDERED.

| | |
|---|---|
| August 28, 2008 | */s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |